Judgment of conviction affirmed. All concur, except McCurn and Lo.ve, JJ., who dissent and vote for reversal and for granting a new trial in the following memorandum: Facts from which the inference of defendant’s guilt is drawn must be established with certainty (People v. Bearden, 290 N. Y. 478, 480; People v. May, 290 N. Y. 369, 371; People v. Taddio, 292 N. Y. 488, 497). Examination of this record discloses that some of such facts in this case rested largely upon incompetent testimony. Lieutenant Shay’s testimony concerning the serial numbers of the stamps on the whiskey bottles is one example. Officer Cruickshank’s response to the question, “What did you think about that?”, referring to the footprints, is another. The record is replete with conclusory statements of witnesses offered in proof of the circumstances from which the inference of guilt is sought to be drawn. We reach the conclusion that the jury’s verdict rests in part, at least, upon incompetent testimony and that substantial rights of the defendant have been prejudiced. Even a guilty man is entitled to a fair trial and we cannot say upon this record that the defendant was accorded that protection which the law requires. (See People v. Sobieskoda, 235 N. Y. 411.) (The judgment convicts defendant of the crime of burglary, third degree.) Present— Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.